IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| ARTAVUS HUGHES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CV 110-138 |
| FIAMM TECHNOLOGIES, | ) ) ) |
| Defendant. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff commenced the above-captioned employment discrimination case on October 22, 2010, and, following two unsuccessful motions to proceed *in forma pauperis* (doc. nos. 5, 7), he paid the $350.00 filing fee. Because Plaintiff is proceeding *pro se*, the Court provided him with some basic instructions regarding the development and progression of this case. (Doc. no. 9.) In those instructions, the Court explained that Plaintiff is responsible for serving Defendant and explained how service could be accomplished. (Id. at 1-2.) Moreover, the Court specifically informed Plaintiff that he had 60 days from the Court's January 18th Order in which to serve Defendant,[1] and cautioned Plaintiff that failure to accomplish service could result in dismissal of this lawsuit. (Id. at 1-2 & n.1.)

After the time in which to effect service had elapsed, and there was no evidence in

---

[1] Pursuant to Fed. R. Civ. P. 6(b)(1)(B), the Court *sua sponte* extended the standard time limit for Plaintiff to effect service under Fed. R. Civ. P. 4(m), which is 120 days from the filing of the complaint, because the resolution of Plaintiff's motions to proceed *in forma pauperis* had resulted in Plaintiff paying the filing fee later in the progression of the case than usual. (See doc. no. 9, p. 2 n.1.)

the record that Defendant had been served, the Court directed Plaintiff to show cause why his case should not be dismissed without prejudice for failure to effect service. (Doc. no. 10.) Plaintiff did not respond to the Show Cause Order, and there is still no evidence in the record of Defendant having been served.

As the Court explained in its May 11, 2011 Show Cause Order, under Fed. R. Civ. P. 4(m), the courts have discretion to extend the time for service with no predicate showing of good cause. (Doc. no. 4, p. 2 (citing Henderson v. United States, 517 U.S. 654, 662-63 (1996), and Horenkamp v. Van Winkle and Co., Inc., 402 F.3d 1129, 1132 (11th Cir. 2005)).) Moreover, if a plaintiff fails to show good cause for failing to timely effect service, a court "must still consider whether any other circumstances warrant an extension of time based on the facts of the case." Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007). Nevertheless, the decision to extend the time for service is within the Court's sound discretion.

The Advisory Committee Note to Rule 4(m) provides some guidance as to factors that may justify an extension of time for service. Such considerations include if a defendant is evading service or if the statute of limitations would bar a refiled action. Horenkamp, 402 F.3d at 1132-33 (citing Advisory Committee Note to 1993 Amendment to Rule 4(m)). Here, there is no evidence of evasion of service. However, the applicable statute of limitations might bar a refiled action, as Title VII actions such as the instant one must be brought within 90 days after the Equal Employment Opportunity Commission notifies a claimant of his right to file a lawsuit. 42 U.S.C. § 2000e-5(f)(1); Santini v. Cleveland Clinic, 232 F.3d 823, 825

(11th Cir. 2000) (*per curiam*).[2]

Nevertheless, the fact that dismissal could result in expiration of the statute of limitations does not necessarily require that the Court extend the time for service provided for under Fed. R. Civ. P. 4(m). See Horenkamp, 402 F.3d at 1133; see also Melton v. Wiley, 262 F. App'x 921, 924 (11th Cir. 2008) (*per curiam*) (affirming dismissal for failure to serve despite expiration of statute of limitations during pendency of case); Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1306 (3d Cir. 1995) ("[A]bsent a finding of good cause, a district court may in its discretion still dismiss the case, even after considering that the statute of limitations has run and the refiling of an action is barred."). Here, the Court finds no reason to extend the time for service. Plaintiff filed his complaint approximately seven months ago, and he was given the benefit of an extended time limit for effecting service. Yet there is no evidence that Plaintiff has made any attempt to serve Defendant or request that Defendant waive service of process. Moreover, Plaintiff's failure to communicate with the Court regarding his inability to effect service of process is indicative of an abandonment of his claims, rather than excusable neglect or any other reason to further extend the time for service.

The Court has warned Plaintiff on two separate occasions that failure to effect service would lead to dismissal of his case. (See doc. nos. 9, 10.) Accordingly, in light of the

---

[2]The Court is aware that the Eleventh Circuit has recognized that the 90-day statute of limitations may be equitably tolled where a plaintiff files suit outside the limitations period but nonetheless acted promptly and with due diligence in filing suit. See Bost v. Fed. Express Corp., 372 F.3d 1233, 1242 (11th Cir. 2004). However, the Court makes no definitive finding in this case as to the whether a refiled claim would be time-barred and therefore need not examine the issue of equitable tolling.

3

circumstances discussed above, the Court finds it appropriate to recommend the dismissal of Plaintiff's case, irrespective of whether a refiled claim would be time-barred. See Lepone-Dempsey, 476 F.3d at 1282. The Court therefore **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** without prejudice for failure to timely effect service and that this civil action be **CLOSED**. See Schnabel, 922 F.2d at 728-29.

SO REPORTED and RECOMMENDED this 31st day of May, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE