IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ARTAVUS HUGHES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 110-138 |
| | ) | |
| FIAMM TECHNOLOGIES, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 13). In an Order issued on January 18, 2011, the Magistrate Judge explained to Plaintiff his obligation to effect service on Defendant. (Doc. no. 9.) Plaintiff was then granted an extension of the service deadline because of the delay caused by resolution of his ultimately unsuccessful attempt to proceed *in forma pauperis*. (Id.) Plaintiff failed to effect service by the extended service deadline, and the Magistrate Judge ordered Plaintiff to show cause why his case should not be dismissed for failure to effect service. (See doc. no. 10.) When Plaintiff failed to respond to the Show Cause Order, the Magistrate Judge proceeded to recommend dismissing Plaintiff's case for failure to timely effect service of process on Defendant. (Doc. no. 11.)

In his objections to the R&R,[1] Plaintiff states that he did not understand that he had to effect service on Defendant. (Doc. no. 13.) He further explains that his son suffered a case of pneumonia at some point during the eight to nine month pendency of this case, which caused him to have to stay with his son at the hospital for several days; he also states that his priority of late has been trying to find employment. (Id.) In addition, Plaintiff has now filed a document showing that, on May 24, 2011 – over seven months after filing his complaint and over two months after the extended service deadline – he mailed Defendant a request for waiver of service. (Doc. no. 14.)

The Court finds that Plaintiff's belated protestations do not warrant departing from the conclusions in the R&R. Plaintiff's assertion of ignorance of his obligation to effect service is contradicted by the Magistrate Judge's Order that clearly notified Plaintiff that he was responsible for effecting service and explained how to fulfill that responsibility. (See doc. no. 9.) Furthermore, there is still no evidence in the record indicating that Defendant has been served; Plaintiff's untimely request for waiver of service is inadequate in this regard, as it shows an extremely tardy attempt at securing a waiver, but does not indicate actual service of process.[2]

---

[1] The Court notes that Plaintiff, who is proceeding *pro se*, did not sign his objections; rather, they are signed on his behalf by "Arthur Hughes." (Doc. no. 13.) Federal Rule of Civil Procedure 11(a), however, requires that "[e]very pleading, written motion and other paper must be signed . . . by a party personally if the party is unrepresented." Because the Court finds that Plaintiff's objections lack merit in any event, it will not in this instance require him to correct this deficiency.

[2] As the Magistrate Judge previously explained to Plaintiff, even if Defendant chooses not to waive formal service of process, he is still responsible for properly effecting service. (See doc. no. 9., p. 2 (citing Fed. R. Civ. P. 4(c)(1) – (2) & (h)).)

2

Plaintiff's concerns over his unemployment and his son's illness likewise do not justify the relief sought in his objections. These concerns, while unfortunate, are insufficient to excuse Plaintiff's failure to effect service. Of note in this regard is the fact that Plaintiff's allegations as to his son's illness appear to pertain to a period of a few days, whereas eight months have now elapsed since Plaintiff commenced this case and the extended service deadline expired approximately four months ago. (See doc. nos. 1, 9.) Thus, Plaintiff's objections are **OVERRULED**.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's complaint is **DISMISSED** without prejudice for failure to timely effect service, and this civil action is **CLOSED**.

SO ORDERED this 27th day of July, 2011, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA